Filed 10/17/24  P. v. Johnson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063882 |
| v. | (Super. Ct. No. FSB20001028) |
| JEREMIAH JOHNSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, Ronald M. Christianson, Judge. Affirmed in part, reversed in part, and remanded.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Jeremiah Johnson of attempted murder, among other offenses. The jury also found true certain allegations of aggravating sentencing circumstances for purposes of Penal Code section 1170, subdivision (b)(2).[1] Relying on sentencing circumstances found by the jury, the trial court imposed an upper-term sentence for the attempted murder, resulting in a total sentence of 29 years 8 months in prison.

Johnson challenges his attempted murder conviction and his sentence. Regarding the conviction, he claims the evidence did not support a finding that he had acted with intent to kill. As for the sentence, he argues, inter alia, that the trial court erred in relying on two of the sentencing circumstances because: (1) the prosecution improperly failed to plead one of them; (2) the court misinstructed the jury by omitting an essential element of both circumstances; and (3) the evidence did not support those circumstances.

As discussed below, we conclude the evidence supported the attempted murder conviction. We also conclude that the evidence supported the relevant sentencing circumstances and that Johnson forfeited his claim of pleading error. However, we agree that the trial court erred by failing to instruct on an essential element of the relevant sentencing circumstances. Accordingly, we reverse the sentence and remand for further proceedings.[2] We affirm the convictions.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Johnson also claims that in imposing the upper-term sentence, the trial court improperly relied on a third aggravating circumstance pertaining to use of a firearm. The parties agree that reliance on this circumstance would have been error but disagree on whether the court actually relied on it. Because we remand for further sentencing proceedings, we need not address this factual issue. On remand, the court shall not rely on this sentencing circumstance.

## FACTS

### I.

### THE INFORMATION

The prosecution charged appellant with attempted murder and other offenses. The information alleged several firearm enhancements. It further alleged several aggravating sentencing circumstances, including that the crimes "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness." (California Rules of Court, rule 4.421(a)(1); the "great violence" circumstance.)[3] The information did not include an additional allegation that Johnson had "engaged in violent conduct that indicate[d] a serious danger to society." (Rule 4.421(b)(1); the "danger to society" circumstance.) The matter proceeded to bifurcated trials on guilt and the aggravating circumstances.

### II.

### GUILT PHASE EVIDENCE AND VERDICT

In February 2020, Johnson and his father drove together to a liquor store in San Bernardino. Security video from the front of the store showed the victim and several other individuals gathered just outside the store.[4]

After Johnson and his father arrived at the store's parking lot, Johnson entered the store and returned to the vehicle with items. He then walked back toward the front of the store. The victim walked toward Johnson, and the two shook hands.

---

[3] Undesignated rule references are to the California Rules of Court.

[4] The video did not contain audio.

After an exchange of words, the victim turned and walked a short distance to place his drink near the store's entrance—where at least four other individuals stood—before turning back toward Johnson. As the victim took two steps in his direction, Johnson calmly drew a handgun from his pocket. The victim turned back and ran toward the store, and the other individuals ran in different directions. Johnson then fired at the victim, hitting him twice—once in the torso and once in the arm. Johnson fled the scene, but police apprehended him about one month later.



*Still from surveillance video showing Johnson (center; wearing black sweatshirt) taking first shot at victim (right; wearing white jersey and red cap)*

After hearing the evidence, the jury found Johnson guilty of attempted murder and other offenses. It also found certain firearm enhancements to be true.

## III.

### TRIAL ON AGGRAVATING CIRCUMSTANCES AND SENTENCING

After the jury rendered its guilt-phase verdicts, the trial court provided the parties with the instructions it intended to give the jury on sentencing circumstances. In addition to the great violence circumstance and other aggravating circumstances listed in the information, the court included an instruction on the danger to society circumstance. Johnson objected that some of the instructions, including on the danger to society circumstance, were vague and overbroad. He did not object to the inclusion of an instruction on the danger to society circumstance. During this phase of the trial, the prosecution largely relied on guilt-phase evidence to establish the truth of the aggravating circumstances.

At the close of evidence, the parties argued their respective positions, including on the danger to society circumstance. The trial court then instructed the jury in accord with the proposed instructions it had provided the parties. The court informed the jury it was called to determine whether certain "[s]entencing [c]ircumstances" were true. As relevant here, the court instructed as follows on the great violence circumstance: "[Y]ou must decide whether the crimes involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness within the meaning of . . . [r]ule 4.421(a)(1). [¶] To prove this allegation, the [prosecution] must prove that the crimes involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness."

As to the danger to society circumstance, the trial court instructed: "[Y]ou must decide whether [Johnson] has engaged in violent conduct that indicates a serious danger to society, within the meaning of . . .

5

[r]ule 4.421(b)(1). [¶] To prove this allegation, the [prosecution] must prove that [Johnson] has engaged in violent conduct that indicates a serious danger to society." The court gave the jury verdict forms that included this allegation.

Following trial, the jury found that four sentencing circumstances applied, including the great violence and danger to society circumstances. At sentencing, the trial court imposed an upper-term sentence of nine years in prison for the attempted murder charge, resulting in a total sentence of 29 years 8 months. Johnson timely appealed.

DISCUSSION

I.

ATTEMPTED MURDER CONVICTION

Johnson contends his conviction for attempted murder cannot stand because the evidence was insufficient to support a finding that he acted with intent to kill when he fired on the victim. "Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing. [Citations.]" (*People v. Lee* (2003) 31 Cal.4th 613, 623.) Because there is rarely direct evidence of a defendant's intent, "[s]uch intent must usually be derived from all the circumstances of the attempt, including the defendant's actions. [Citation.]" (*People v. Smith* (2005) 37 Cal.4th 733, 741.)

"In reviewing a sufficiency of evidence challenge, we view the evidence in the light most favorable to the verdict and determine whether *any* rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. [Citations.]" (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) "We presume in support of the judgment the existence

of every fact the trier of fact reasonably could infer from the evidence. [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Sufficient evidence supported the jury's finding that Johnson had acted with intent to kill. "[T]he act of purposefully firing a lethal weapon at another human being at close range, without legal excuse, generally gives rise to an inference that the shooter acted with express malice," i.e., with intent to kill. (*People v. Smith, supra*, 37 Cal.4th at p. 742; accord, *People v. Medina* (2019) 33 Cal.App.5th 146, 153 ["Firing a gun at [the victims] from [15 to 20 feet away] was substantial evidence from which the jury could find a specific intent to kill"].) Here, Johnson shot the victim twice from only several feet away, as the victim attempted to flee. From these circumstances, the jury was entitled to infer that he had acted with intent to kill. (*People v. Smith,* at p. 742; *People v. Medina,* at p. 153.) Accordingly, the evidence supported his conviction for attempted murder.

## II.

### AGGRAVATING CIRCUMSTANCES

Johnson contends the trial court erred by relying on the great violence and danger to society circumstances in imposing an upper-term sentence for the attempted murder conviction. He asserts: (1) the prosecution improperly failed to plead the danger to society circumstance; (2) the court erred in instructing the jury on both circumstances by omitting a requirement that his conduct must be worse than the ordinary commission of the crime; and (3) the evidence did not support those circumstances.

As discussed below, we conclude that Johnson forfeited his failure-to-plead claim and that sufficient evidence supported the two sentencing circumstances. However, we agree that the court erred by

7

omitting a necessary element of those circumstances. Accordingly, we reverse the sentence and remand.

*A. Failure to Plead the Danger to Society Circumstance*

Johnson forfeited his claim concerning the prosecution's failure to allege the danger to society circumstance in the information. Johnson received sufficient notice that this allegation would be submitted to the jury. Before the start of the trial on sentencing circumstances, the trial court provided the parties with proposed jury instructions on the danger to society circumstance. At the close of evidence, the parties argued their respective positions regarding this allegation, and the court instructed the jury on it. Had Johnson timely objected to the prosecution's failure to include this allegation in the information, the court would have had an opportunity to provide an appropriate remedy. (*People v. Houston* (2012) 54 Cal.4th 1186, 1228.) "Because [Johnson] had notice of the [danger to society allegation] and did not raise an objection in the trial court, he has forfeited this claim on appeal. [Citation.]" (*Ibid.*)

Johnson claims the failure to plead the danger to society circumstance rendered his sentence unauthorized, meaning he may challenge it on appeal even without an earlier objection. He is mistaken. A pleading defect generally does not result in an unauthorized sentence, and a defendant must object to preserve the claim for appeal. (*People v. Anderson* (2020) 9 Cal.5th 946, 962 [unpleaded sentence enhancements].) Accordingly, Johnson has forfeited his claim, and we decline to address it.

*B. Instructional Error*

       1. Governing Principles

          a. Duty to instruct on aggravating facts

"All criminal defendants have the right to 'a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.' [Citations.]" (*People v. Merritt* (2017) 2 Cal.5th 819, 824 (*Merritt*).) Thus, "[t]he trial court has a sua sponte duty to instruct the jury on the essential elements of the charged offense. [Citation.]" (*Ibid.*) Failure to do so is a "very serious constitutional error" (*ibid.*), and is reversible unless "it is clear beyond a reasonable doubt that a rational jury would have rendered the same verdict absent the error" (*id.* at p. 831).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.) Thus, a sentencing provision that increases the penalty for a crime beyond the statutory maximum is "the 'functional equivalent' of an element of a greater offense for purposes of a defendant's federal constitutional rights under the Fifth and Sixth Amendments. [Citations.]" (*People v. Anderson* (2009) 47 Cal.4th 92, 116.)

          b. Circumstances justifying an upper-term sentence

Effective January 1, 2022, section 1170, subdivision (b) "was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' [Citation.]" (*People v. Lynch* (2024) 16 Cal.5th 730, 742 (*Lynch*).) Under this amendment, "the facts supporting

*every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires. [Citation.]" (*Id.* at p. 757.) Those facts "effectively function like elements of a crime" and therefore trigger the Sixth Amendment's jury trial guarantee. (*Id.* at p. 760.)

The amended statute does not specify what constitutes an aggravating circumstance (§ 1170, subd. (b)(2)), but the California Rules of Court set out a nonexhaustive list of factors that may be considered circumstances in aggravation. (Rule 4.421(c); *Lynch, supra*, 16 Cal.5th at p. 785 (conc. & dis. opn. of Kruger, J.).) The great violence and danger to society circumstances are among those factors. (Rule 4.421(a)(1) & (b)(1).) Although neither circumstance mentions this requirement, caselaw makes clear that aggravating circumstances must "make[] the offense 'distinctively worse than the ordinary.' [Citations.]" (*People v. Black* (2007) 41 Cal.4th 799, 817.) Thus, the relevant model jury instruction—promulgated after the proceedings below—instruct that the jury may not find allegations under these circumstances true unless the defendant's conduct "was distinctively worse" than an ordinary commission of the underlying crime. (CALCRIM Nos. 3224 & 3234.)

2. Analysis

We conclude the trial court erred by failing to instruct the jury that the great violence and danger to society circumstances each required a showing that Johnson's conduct was distinctively worse than an ordinary commission of attempted murder.[5] Johnson was constitutionally entitled to jury findings on the facts exposing him to a higher maximum sentence.

---

[5] We review claims of instructional error de novo. (*People v. Rivera* (2019) 7 Cal.5th 306, 326.)

10

(*Lynch, supra*, 16 Cal.5th at pp. 757, 760.)[6] Thus, the trial court had a sua sponte duty to instruct the jury on the elements of those sentencing circumstances. (*Merritt, supra*, 2 Cal.5th at p. 824.) As explained above, it is a necessary element under each of these circumstances that the defendant's conduct was distinctively worse than the ordinary. (*People v. Black, supra*, 41 Cal.4th at p. 817.) The court was therefore required to instruct the jury on that element.[7] (*Merritt*, at p. 824.)

The Attorney General contends there was no instructional error. He asserts it was permissible for the trial court to instruct on the sentencing circumstances using only the language of the Rules of Court because that language was not difficult for the jury to understand. According to the Attorney General, "[Johnson]'s real complaint is that the trial court did not provide a sufficiently detailed definition of the term aggravation as it relates to each of the factors," yet that term "is commonly understood" and requires no further definition.

The Attorney General mistakenly believes that the trial court's instructions referenced the term "aggravation." That term (and its different morphological forms) appeared nowhere in the court's instructions, which referred to "[s]entencing [c]ircumstances." And the language of the instructions on the great violence and danger to society circumstances—

---

[6] This court ordered the parties to submit supplemental briefs addressing the impact of *Lynch* on the issues on this case, but the Attorney General failed to file a timely brief.

[7] We reject the Attorney General's contention that Johnson forfeited his claim of instructional error by failing to object below, as "it is well settled that no objection is required to preserve a claim for appellate review that the jury instructions omitted an essential element of the charge. [Citations.]" (*People v. Mil* (2012) 53 Cal.4th 400, 409.)

tracking the relevant Rules of Court— provided no other hint that the jury was required to find conduct distinctively worse than an ordinary commission of attempted murder. The court therefore erred in failing to instruct on this essential element. (*Merritt, supra*, 2 Cal.5th at p. 824.) The Attorney General does not attempt to show that the error was harmless beyond a reasonable doubt. Accordingly, we must reverse the judgment. (*Id.* at p. 831; *People v. Jackson* (2014) 58 Cal.4th 724, 748 [Attorney General has burden to show any federal constitutional error was harmless beyond reasonable doubt].)

*C. Sufficiency of the Evidence*

Johnson argues there was insufficient evidence to support the danger to society and great violence circumstances because his conduct did not exceed what an attempted murder inherently involves. We disagree.

After a spontaneous encounter and exchange of words between Johnson and the victim, Johnson calmly pulled out a handgun and fired multiple shots at the victim as he was fleeing.[8] The victim was running inside an open store and was in close proximity to several other individuals. A jury could find that Johnson's conduct posed a threat of great bodily harm to multiple individuals beyond the intended victim of his attempted murder offense, satisfying the great violence circumstance. And Johnson's calm demeanor and disregard for the lives of bystanders as he attempted to kill a victim who had already withdrawn from the confrontation permits a finding that he presents a serious danger to society. These circumstances go above and beyond what attempted murder inherently involves. Accordingly, the evidence sufficiently supported affirmative findings on these circumstances.

---

[8] Johnson incorrectly asserts he fired at "an advancing opponent." As shown above, the victim had already turned to run to the store when Johnson started firing.

Because there was sufficient evidence to support these circumstances, on remand, the prosecution may choose to retry Johnson on all sentencing circumstances. (*People v. Franco* (2009) 180 Cal.App.4th 713, 726 [where instructional error requires reversal but substantial evidence supports verdict, prosecution may opt to retry defendant].)

## DISPOSITION

The convictions are affirmed. The sentence is reversed, and the matter is remanded for (1) resentencing without the danger to society and great violence circumstances or (2) retrial on all sentencing circumstances, at the option of the prosecution.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


MOTOIKE, J.